UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHNNY B. BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>DONALD VENETTOZZI, *et al.*,<br><br>      Defendants. | No. 18-CV-2628 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated at Auburn Correctional Facility, brings this *pro se* Action under 42 U.S.C. § 1983 regarding incidents involving Defendants, who are correctional staff or otherwise employed by the New York Department of Corrections and Community Supervision ("DOCCS"). By order dated May 3, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1] (Dkt. No. 7.) In response to a Motion To Dismiss, the Court dismissed Plaintiff's claims and provided Plaintiff with an opportunity to amend his Complaint. (Opinion & Order (Dkt. No. 37).) Plaintiff filed an Amended Complaint on November 12, 2019, in which he named a new Defendant, Sgt. R. Coccuzza ("Coccuzza"). (*See* Am. Compl. (Dkt. No. 41).)

To allow Plaintiff to effect service on Coccuzza, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for that Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Coccuzza.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and (Amended) Complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Additionally, Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this Action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."

The Court further notes that it has already granted an extension to Defendants to answer or otherwise respond to the Amended Complaint until February 6, 2020, precisely because Defendant Coccuzza had not yet been served or assigned defense counsel. (*See* Dkt. No. 44.) As noted in that Order, no more extensions will be granted, and Defendant Coccuzza is expected to comply with the deadline noted in that Order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 forms with the address for Defendant Coccuzza and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: December 26, 2019
White Plains, New York

KENNETH M. KARAS
United States District Judge

2

# DEFENDANT AND SERVICE ADDRESS

1. Sgt. R. Coccuzza
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582